UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

*ELECTRONICALLY FILED*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Criminal No. 3:20-CR-15-GFVT-1 |
| ) | |
| JEREMY DELK and ) | |
| TAILOR MADE COMPOUNDING, ) | |
| LLC, ) | |
| ) | |
| DEFENDANTS. | |

## SENTENCING MEMORANDUM OF DEFENDANT JEREMY DELK

Defendant Jeremy Delk offers this Sentencing Memorandum not to excuse his conduct, but to assist the Court in imposing a sentence that is "sufficient but not greater than necessary to comply with the purposes of" sentencing. 18 U.S.C. § 3553(a). Mr. Delk has no prior criminal history, he has already caused his company to pay $1.7 million in forfeiture, and both the government and the Presentence Report agree that his Sentencing Guidelines calculation place him at Level 8, Offense Category I.

For the reasons set forth below, the Court should accept the plea agreement and impose a sentence of probation. This sentence is appropriate upon consideration of the 18 U.S.C. § 3553(a) factors, including Mr. Delk's good character, and the nature and circumstances of the offense.

Argument

I. PROBATION IS AN APPROPRIATE SENTENCE.

Jeremy Delk, age 40, has already lived an exceptional life. He grew up in Bardstown, Kentucky, the oldest child of Roger and Cheryl Delk. His happy childhood was devastated at age 7, when his father was killed in a motorcycle accident. Since he was a small child, he has felt like he has carried the burden of providing and safeguarding his family. His mother writes:

> He was 7 yrs old when he had to overcome the tragic loss of his father. He grew up overnight and tried to be a protector of his younger brother and myself; who was only 2 yrs old at that time. Everyday he grew more and more into a driven successful human being while in high school, college and then on to his business ventures. He has always been family oriented and caring in anyway he could be. He has the biggest heart of anyone I know.

(Letter of Cheryl Cornett, attached as Ex. A). He has shown his big heart in countless acts of kindness and generosity, often undertaken anonymously. His friends tell about the time when he was in college, when he bought a washer and dryer for a local family who lost everything in a house fire. (*Id.*). Or his efforts to support victims of hurricanes in the Caribbean, for whom he raised over $100,000. (*Id.*)

Jeremy left Kentucky for New England for college, and he landed his first job in Boston, working as a broker for Fidelity Investments. He found that he had a great talent for business, and he was willing to work extremely hard to meet his goals. He succeeded at Fidelity and moved on to start his own companies. He has been building businesses, creating jobs, and delivering value to his customers ever since.

That was his intent when he started Tailor Made Compounding, LLC ("TMC"). Jeremy founded TMC in December 2013, in his adopted home of Nicholasville. It operated as a compounding pharmacy, and it provided good-paying jobs to nearly 100 Central Kentuckians who

2

served as pharmacists, chemists, laboratory technicians, managers, and customer service representatives.

Jeremy has continued his acts of generosity and kindness. When his employees needed money for medical bills, he gave them bonuses. When tenants came on hard times, he gave them free rent. When he saw soldiers in restaurants, he bought their dinner. When a family member needed help with drug rehabilitation, he found him a placement and gave him a signed blank check. (*Id.*)

As Jeremy admitted in connection with his guilty plea by information, he caused his company to sell drugs in a wholesale fashion, without a license. He also admits that TMC sold certain quantities of "new drugs" that the FDA had not yet approved for distribution in the United States. True to its plea agreement, he has caused TMC to pay to the government – already -- every penny received by virtue of these sales, over $1.7 million. Since he is the company's principal owner, of course, the payment affects his own bottom line. As a show of additional good faith, he has sold this business.

Jeremy recognizes that, despite the mistakes he has made, he has lived a fortunate life. His joys remain his children, and he is a devoted and attentive father. He watches Mickey Mouse cartoons with his daughter every morning, puts her down for her nap every day, rocks her to sleep every night. He does homework with his 7-year old son each night, who has a learning disability, and patiently works with him to overcome these challenges. (*Id.*) He hopes that some day his experience can be a lesson to his children that when you make a mistake, you own up to it. You do your best to fix it, and you continue to work hard to make the best life you can for your family and your community.

The Presentence Report, and the Plea Agreement, calculate Jeremy's Sentencing Guideline range at Offense Level 8, with an advisory sentencing range of 0-6 months, all of which may be served by probation. Under 18 U.S.C. § 3553(a), the Court must "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing. In undertaking its analysis, the Court considers the advisory sentencing range recommended by the Guidelines and any relevant Guideline policy statements, as well as other traditional sentencing factors, including:

(1) the nature of the offense and history and characteristics of the defendant;

(2) the purpose of sentencing;

(3) the kinds of sentences available;

(4) the Sentencing Guidelines;

(5) pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted disparities among similar offenders; and

(7) the need to provide restitution to victims.

18 U.S.C. § 3553(a). A district court's discretion is no longer limited by the guidelines since its matrix is now considered merely advisory. *United States v. Booker*, 543 U.S. 220, 245-67 (2005). Thus, the Guidelines are no longer "the only consideration" at sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). Rather, the Guidelines merely provide a "starting point" for the Court's sentencing considerations. *Id.; accord Cunningham v. California*, 549 U.S. 270 (2007). Congress has identified four "purposes" of sentencing: punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2). To achieve these ends, § 3553(a) requires sentencing courts to consider not only the advisory Guidelines range, but also the facts of a specific case through the lens of the seven factors mentioned above. *See* 18 U.S.C. § 3553(a)(1)-(7).

Conclusion

Jeremy Delk is a good man.  He has spent his life making things better for his family, friends, employees, and community. He poses no danger to the community, and no likelihood to offend again.  While Jeremy has been convicted of a serious offense, both the government and the defense recognize that the guidelines calculation results in a Zone A, fully probation-eligible sentence.  A sentence of probation would be appropriate in this circumstance.  The Court should impose a sentence of probation with a special condition of in-home confinement and impose a fine, as this sentence is sufficient, but not greater than necessary to achieve the aims of Section 3553(a).

Respectfully submitted,

/s/ *Kent Wicker*
Kent Wicker
William H. Brammell, Jr.
DRESSMAN BENZINGER LAVELLE PSC
2100 Waterfront Plaza
321 West Main Street
Louisville, KY 40202
(502) 572-2500
*Counsel for Defendant*

Certificate of Service

I hereby certify that I have this 19th day of February, 2021, served a copy of the foregoing upon all parties in this matter by using the Court's ECF filing system.

/s/ *Kent Wicker*
Kent Wicker

895987.v6